ROMAN v. CARUSO

————

(October 21, 1929. Opinion and Decree.)

————

Wm. W. Ogden, of New Orleans, attorney for plaintiff, appellant.

Harry McEnerny, Jr., of New Orleans, attorney for defendant, appellee.

HIGGINS, J. This is a suit to recover damages for the alleged breach of a real estate contract. The petition alleges that

on February 26, 1927, plaintiff and defendant entered into a written contract whereby defendant agreed to sell plaintiff a certain piece of improved real estate in the city of New Orleans for the sum of $1920; that the usual 10 per cent. deposit was duly made, which was not to be considered as earnest money; on the same day defendant entered into another contract with one Joseph Ribet to sell him the same property for $2100 cash; on February 28, 1927, plaintiff entered into a written contract to sell the property to one A. J. Castaing for the sum of $2450 cash; on March 22, 1927, defendant sold the property to Joseph Ribet in accordance with the contract with him; that defendant therefore was guilty of a breach of his contract, and plaintiff is entitled to recover from him the difference between $1920 and the sum of $2450 or $530, as damages. The defendant filed an exception of no cause of action, based upon the following grounds:

First, that the sale of a thing belonging to another person is null;

Second, that the agreement sued upon contained a potestative condition, and was therefore null and void.

The district court overruled the exception, and the defendant, reserving the benefit of it, answered, admitting his signature and the terms of the agreement, but denying liability on the following grounds:

First, that the contract was subject to a condition precedent;

Second, that the defendant's signature to the contract was obtained through misrepresentation.

There was judgment in favor of defendant, dismissing plaintiff's suit, and plaintiff has appealed.

The conclusion reached by us on the facts makes it unnecessary to pass upon the issues raised by the exception of no cause of action.

The evidence shows that William Chabaud, real estate agent and broker, acting as the exclusive agent for plaintiff, called at the home of the defendant in order to secure defendant's signature to a contract to sell the property in question. The defendant and his wife and Chabaud were the only parties present. Defendant and his wife both testify that they apprised Chabaud of the existence of a written contract with F. Ferrier, real estate agent, whereby they had given him the exclusive right to sell the property for a period of six months and bound themselves to pay him the 4 per cent. commission; that therefore they were not at liberty to enter into an additional contract and did not wish to make themselves responsible for another commission; that the unexpired term of the contract was about six weeks; and that Chabaud then proposed that he had a client who would give $2,000 for the property less his commission of $80, which he, in turn, would give to his client, the defendant to receive $1,950 for the property, and that if defendant signed the contract he would hold the entire matter in abeyance until the expiration of the Ferrier contract; that if Ferrier failed to sell the property before the expiration of his contract, Chabaud would then deliver the contract to his client and have him make the necessary deposit. Defendant admits that on February 26, 1927, Ferrier tendered him an offer of $2,100 for the property from one Joseph Ribet and that he accepted the offer, and on March 22, 1927, sold the property to Ribet in accordance with the agreement.

Chabaud denies that defendant and his

wife told him of the existence of the Ferrier contract and that he agreed to hold the matter in abeyance until the expiration of the Ferrier contract, but insists that he told defendant and his wife, when defendant signed the contract, it was a sale. However, he admits that he knew that Ferrier's "for sale" sign was posted on the property, as he had seen the sign there when he went to view the property before he called at the defendant's home. On cross-examination Chabaud denied that he had made any guaranty as to Ferrier's commission, but, when confronted with the document dated March 5, 1927, in which he made such a guaranty, he was forced to admit its genuineness.

The plaintiff contended that the defendant breached his contract solely because he would realize $300 more from the Ribet contract than from the Roman contract. By actual calculation it will be seen that this figure is incorrect and that the correct amount he realized was $96. On the other hand, Chabaud admits that he waived his commission of $80 in favor of Roman and two days later sold the property at an increase in price of $530.

We are convinced that the alleged contract sued upon by plaintiff was subject to a condition precedent, i. e., the expiration of the Ferrier contract, and that the signature of the defendant thereto was obtained upon the statement that the matter would be held in abeyance until then.

The judge of the lower court decided the case in favor of defendant, and we do not find any reason for disturbing the judgment.

For the reasons assigned, the judgment appealed from is affirmed.